

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,609-04, 88,609-05 & 88,609-06

### EX PARTE JEREMY PAUL CASTILLO, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 37297CR/B, 37298CR/B & 41522CR/B IN THE 40TH DISTRICT COURT FROM ELLIS COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of two counts of assault and one count of aggravated assault and sentenced to five years' imprisonment in each count. He did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that guilty-plea counsel was ineffective because he advised Applicant to plead guilty without investigating his cases. He also contends that in cause number 37298CR/B, his aggravated assault case, he is actually innocent and the complainant's statement to the police was false.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014).[1] Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order guilty-plea counsel to respond to Applicant's ineffective assistance of counsel claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first make findings of fact and conclusions of law as to whether guilty-plea counsel's performance was deficient and Applicant would have insisted on a trial but for his alleged deficient performance. The trial court shall then make findings and conclusions as to whether in his aggravated assault case (1) Applicant has presented newly available or discovered evidence showing that he is actually innocent; (2) he has shown by clear and convincing evidence that no reasonable juror would have convicted him in light of the evidence; and (3) the complainant made a material false statement. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

---

[1] The trial court made findings of fact and conclusions of law and recommended that we dismiss these applications under Article 11.07, § 4 of the Code of Criminal Procedure. Applicant's previous applications were dismissed, so there has not been a "final disposition" in his cases. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a) ("If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction . . . .").

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 18, 2019
Do not publish